UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0184-SEB-KMB |
| | ) | |
| KEVIN SCOTT NOBLE, | ) | - 03 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 17, 2026, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on December 1, 2025. Defendant Noble appeared in person with his appointed counsel William Dazey. The government appeared by Kelsey Massa, Assistant United States Attorney. The U. S. Probation Office appeared by Officer Martin Burtt.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Noble of his rights and provided him with a copy of the petition. Defendant Noble orally waived his right to a preliminary hearing.

2.     After being placed under oath, Defendant Noble admitted violations 2, and 3. [Docket No. 397.] The Government orally moved to withdraw violation 1; said motion was granted by the Court, and violation 1 was dismissed.

3.      The allegations to which Defendant admitted, as fully set forth in the

petition, are:

**Violation**
**Number**      **Nature of Noncompliance**

2       **"The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."**

On October 26, 2022, Kevin Noble admitted to using suboxone without a prescription, his urinalysis confirmed positive for suboxone. On July 11, 2023, he submitted a sample which was not consistent with human urine. On July 12, 2023, he submitted a urine sample which was positive for amphetamine and diluted. Due to multiple diluted samples submitted from December 2024, through August 2025, a sweat patch was placed on Mr. Noble on September 3, 2025, which tested positive for amphetamine and methamphetamine.

3       **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."**

Kevin Noble was unsuccessfully discharged with substance abuse treatment from Life Springs Health on October 31, 2025, due to his non-compliance with the medication assisted treatment program with suboxone.

4.      The parties stipulated that:

(a)     The highest grade of violation is a Grade B violation.

(b)     Defendant's criminal history category is VI.

(c)    The advisory range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 27 months' imprisonment.

5.    The government recommended a sentence of 21 months' imprisonment with no supervised release to follow. Defendant opposed any term of incarceration and argued for substance abuse treatment/counseling.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, and that his conditions of supervised release should be modified. Specifically, the undersigned recommends that the following condition of supervision be imposed on Defendant: Defendant shall participate in the in-patient treatment program at Grace House (Anderson, Indiana) and fully comply with all rules and requirements of said program. The Court directed the Probation Officer to promptly advise the Court of any instance of non-compliance with the program's requirements. This condition is intended to address Defendant's drug abuse issues and improve his ability to make productive life decisions and communicate with others.

In addition to the mandatory conditions of supervision, the Court may consider the following conditions be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification 1-13: These are administrative conditions.

14. The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay.

15. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

16. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

17. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption

18. You shall not use or possess alcohol.

    Justification 14-18: These conditions all relate to substance abuse and would offer the offender stability, accountability, and support to remain sober while on supervision. This would address the offender's history of abuse and attitude towards treatment. It would also offer the probation officer the ability to closely monitor the offender's behavior while on supervision.

19. The defendant shall submit to the search of his person, vehicle, office/business, residence and property, including computer systems and Internet-enabled devices, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of any contraband that is found, and should forewarn other occupants or users that the property may be subject to being searched.

Justification 18: A search condition would permit the supervising officer to address the offender's previous noncompliance and illegal substance use while on supervision. This condition would assist the offender in living a law abiding life as well as serve as a protective measure for the community.

Defendant reviewed the foregoing conditions with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release. In addition, Defendant consented to a modification of the terms of his supervision to include the Grace House condition listed above.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

So RECOMMENDED.

Date: 02/17/2026

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

6

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

Electronic notice to:

United States Probation Office

United States Marshal